Sherman H. SKOLNICK, Plaintiff-Appellant,

v.

Edward V. HANRAHAN, Defendant-Appellee.

No. 16528.

United States Court of Appeals Seventh Circuit.

July 24, 1968.

---

Sherman H. Skolnick, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

This case is a companion to Skolnick v. Campbell, 398 F.2d 23.

Edward V. Hanrahan was, at all material times, United States attorney for the northern district of Illinois. He appeared in the district court in Skolnick v. Campbell as attorney for the defendants, Chief Judge Campbell, court-crier Chiles, and deputy marshal Guadagno. He represented them throughout the action in district court.

On February 7, 1967, Mr. Skolnick brought an action against Mr. Hanrahan for damages ($250,000 compensatory plus $250,000 exemplary). The complaint alleges that Hanrahan "as herein shown" had aided and abetted, shielded and protected, a conspiracy by defendants Campbell, Chiles, and Guadagno to obstruct Skolnick's constitutionally protected rights, privileges, and immunities. The complaint sets forth a number of statements of the objects of the conspiracy of Judge Campbell, et al., which it is alleged Hanrahan aided and abetted, and is prolix in characterizing the steps undertaken by Hanrahan in Skolnick v. Campbell. But in substance it appears to charge only that Hanrahan stepped outside of his official role as United States attorney in representing the defendants in Skolnick's action against them personally for damages, and that Hanrahan's activities in such representation caused injury to plaintiff Skolnick, either by advancing the illegal objects of the alleged conspiracy of defendants Campbell, et al., or otherwise. We can identify no claim based on any act of Mr. Hanrahan except those performed as attorney for defendants in Skolnick v. Campbell.

The district court, the Honorable Hubert L. Will, granted summary judgment dismissing the complaint. Plaintiff has appealed, making the same motion for disqualification of judges as in the companion case, with the same result.

We are unable, in the light of any of the circumstances claimed, or disclosed by the record in either case, readily to conjure up a theory under which the attorney for the defendants in Skolnick v. Campbell could by reason of his successful representation of them have become liable to the plaintiff for damages. This speculation, however, is beside the point.

Although Judge Campbell, court-crier Chiles, and deputy marshal Guadagno were sued individually, and any judgment would have been recoverable from them personally, they did fill the capacities indicated by their titles, and although the acts for which they were sued were claimed to be improper and malicious, such acts were, as found in the companion case, "within the outer perimeter" of their official duties.

The record contains an affidavit by Mr. Leathers, an officer of the Department of Justice responsible for supervising the defense by United States attorneys of civil litigation against officers and employees of the United States. He stated that:

"It is the policy of the Department of Justice to afford counsel and representation to government employees, including judges of the United States District Courts, who are sued civilly as a result of the performance of their official duties. * * *

"In representing the defendants in [Skolnick v. Campbell] Mr. Hanrahan acted within the scope of his official duties, in accordance with the policy of the Department of Justice and pursuant to the usual procedure in such cases."

A copy of a portion of the department's United States Attorneys' Manual, reflecting the same policy, was attached to the affidavit.

Mr. Justice Brennan, dissenting, in Barr v. Matteo [1] took notice of the practice of the department and cited a 1938 example.[2] This policy and practice represent a judgment of the attorney general that an action of this type involves the interests of the United States.

If there be any theory on which Mr. Hanrahan's actions in representing the defendants in Skolnick v. Campbell could make him liable to Skolnick, such actions were within the scope of his official duty and Mr. Hanrahan was himself immune from civil liability under the authorities referred to in Skolnick v. Campbell, 398 F.2d p. 23.

The judgment is affirmed.

1.  (1959), 360 U.S. 564, 591, 79 S.Ct. 1335, 3 L.Ed.2d 1434.

2.  Booth v. Fletcher (1938), 69 App.D.C. 351, 101 F.2d 676, 679.